697 S.E.2d 603

**In the Matter of William Ashley BOYD, Respondent.**

No. 26847.

Supreme Court of South Carolina.

Submitted June 8, 2010.

Decided Aug. 9, 2010.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

William Ashley Boyd, of Andrews, pro se.

## DEFINITE SUSPENSION

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of an admonition, public reprimand, or a definite suspension not to exceed six (6) months. We accept the agreement and definitely suspend respondent from the practice of law in this state for six (6) months. The facts, as set forth in the agreement, are as follows.

### FACTS

For a period of four years, respondent was employed as an associate attorney in a law firm. Sometime during the months of September and November 2009, a client retained the law firm to quiet title to a tract of land that was purchased from an estate. Respondent informed the client that the fee for the action would be $1,500.00. Prior to the final hearing, respondent requested the client pay the fee in full. The client wrote a check made payable to respondent individually and not to the firm. Respondent deposited the funds into his personal bank account. Respondent represents that he completed the quiet title action for the client.

Sometime during late 2007 or early 2008, another client retained the law firm to perform a partition on a tract of land in which the client had an interest. Respondent informed the client that the attorney fee for the action would be $3,000.00. The client agreed to pay the fee in installments. Prior to the fall of 2009, the client had paid $2,500.00 to the firm. In the fall of 2009, at respondent's instructions, the client sent a check and money order made directly payable to respondent. The check and money order totaled $500.00. Respondent deposited the $500.00 directly into his personal account.

When confronted by the partners of the law firm, respondent admitted that he took the $2,000.00 from the two clients and deposited the funds into his own personal bank account. Respondent made full restitution to the law firm; he resigned from the law firm on November 25, 2009. The law firm reports that no client funds were at risk and that the funds deposited into respondent's personal accounts were the firm's earned fees.

## *LAW*

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15 (lawyer shall hold funds belonging to clients or third persons separately from lawyer's personal account and shall promptly deliver funds that others are entitled to receive); Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct); and Rule 8.4(d) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation). In addition, respondent admits his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or bring the courts or the legal profession into disrepute or engage in conduct demonstrating an unfitness to practice law).

## *CONCLUSION*

While recognizing the seriousness of this misconduct, the Court is aware that respondent did not place any client funds

at risk, that he has fully repaid his former law firm for the misappropriation, that he has resigned from the law firm, and that he has no prior disciplinary history. Accordingly, we accept the Agreement for Discipline by Consent and definitely suspend respondent from the practice of law for six (6) months. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**