731 S.E.2d 876

**In the Matter of William Ashley BOYD, Respondent.**

No. 27164.

Supreme Court of South Carolina.

Submitted July 17, 2012.

Decided Aug. 29, 2012.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka McCants Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

William Ashley Boyd, of Andrews, pro se.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of any sanction in Rule 7(b), RLDE. Respondent requests that any suspension or disbarment be made retroactive to July 14, 2011, the date of his interim suspension. *In the Matter of Boyd,* 393 S.C. 367, 713 S.E.2d 296 (2011). In addition, respondent agrees to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within thirty (30) days of the imposition of discipline and to complete the Legal Ethics and Practice Program Ethics School prior to seeking reinstatement. We accept the Agreement and disbar respondent from the prac-

tice of law in this state, retroactive to July 14, 2011. Further, we order respondent to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission within thirty (30) days of the date of this opinion. Respondent shall not file a Petition for Reinstatement until he has completed the Legal Ethics and Practice Program Ethics School. The facts, as set forth in the Agreement, are as follows.

## *Facts*

### *Matter I*

Complainant A, the Executive Director for a development corporation, retained respondent on June 9, 2010, to foreclose three properties on behalf of the corporation. Respondent was to be paid $1,500.00, plus court costs, for each foreclosure action. Respondent mailed out certified letters to each debtor advising they had fifteen days to become current with their monthly payments to the development corporation. Two of the debtors paid their arrearages; one debtor, a funeral home, did not pay the arrearage.

Respondent agreed to pursue the foreclosure action against the funeral home and was paid $1,650.00 for that representation. At times during the representation, respondent assured Complainant A that the foreclosure was proceeding. Respondent also told Complainant A that he was waiting on a hearing date when, in fact, he had not filed anything with the court.

On August 9, 2010, the Court suspended respondent from the practice of law for six months. *In the Matter of Boyd*, 388 S.C. 516, 697 S.E.2d 603 (2010). Respondent did not notify Complainant A of his suspension. Instead, respondent offered advice to Complainant A regarding the foreclosure action while he was suspended from the practice of law.

When Complainant A learned respondent had not filed the foreclosure action, he requested a refund of the fees paid to respondent. Initially, respondent refused to refund the money, stating the fee was non-refundable. In February 2011, respondent refunded the money to Complainant A in order to avoid a lawsuit.

## Matter II

As noted above, on August 9, 2010, the Court suspended respondent from the practice of law for six months. *Id.* He was reinstated to the practice of law on June 14, 2011. *In the Matter of Boyd,* 393 S.C. 159, 711 S.E.2d 898 (2011). Prior to his suspension, respondent worked for a law firm. At the time, a law student named Richard Thomas Roe[1] worked at the same firm.

In May 2011, Claimant A had a pending matter before the Workers' Compensation Commission. Michael Petit, Esquire, represented the insurance carrier on Claimant A's claim.

On May 25, 2011, after Richard Thomas Roe was sworn-in as a member of the South Carolina Bar and while respondent was suspended from the practice of law, respondent sent a letter to Mr. Petit on behalf of Claimant A under the assumed name of Tom Roe. The May 25, 2011, letter was on the letterhead of a fictitious law firm that respondent called "Roe Law, LLC." The address on the letterhead was respondent's home address. The telephone number on the letterhead was respondent's cell phone number. Respondent's May 25, 2011, letter included a Notice of Appearance on Behalf of Claimant A with the Workers' Compensation Commission signed by respondent using the assumed name Tom Roe.

Believing that respondent was an attorney named Tom Roe, Mr. Petit prepared a settlement agreement and forwarded it to respondent at the address on the letterhead. On May 28, 2011, respondent signed the settlement agreement on behalf of Claimant A using the assumed name Tom Roe. The settlement agreement was filed by Mr. Petit who was unaware at the time that Tom Roe was a name fabricated by respondent.

On June 9, 2011, respondent sent a copy of the Notice of Appearance on Behalf of Claimant A, signed by respondent using the assumed name Tom Roe, to the Workers' Compensation Commission by email using the email address which included the phrase "tomroelaw@." The same day, the Workers' Compensation Commission issued a notice of settlement hearing to be held on June 14, 2011.

---

1. Richard Thomas Roe is a pseudonym.

On June 10, 2011, respondent telephoned the South Carolina Bar from his cell phone and left a message identifying himself as Tom Roe and requesting an address change for bar member Tom Roe. A member of the staff at the Bar returned the call and left a voice mail message with instructions about how to change the address.

On June 13, 2011, respondent faxed a document entitled "Termination of Attorney/Client Relationship" to Mr. Petit under the assumed name Tom Roe. On June 14, 2011, the settlement hearing was held by Workers' Compensation Commissioner Derrick Williams. Claimant A did not appear and no one appeared on his behalf.

On June 15, 2011, at approximately 9:00 a.m., respondent called the South Carolina Bar a second time, falsely represented himself as Tom Roe, and requested that the address on file for that attorney be changed. The address respondent requested that the Bar use was his home address. At approximately 10:00 a.m. on June 15, 2011, Commissioner Williams held a conference call in which he called the number in the file for "Tom Roe." Mr. Petit also participated in the conference call. Respondent answered the call and falsely identified himself as Tom Roe. During the conference call, respondent falsely stated that he was a graduate of Clemson University and the Charleston School of Law. He gave Commissioner Williams the bar number for Richard Thomas Roe.

On June 22, 2011, respondent appeared at a rescheduled hearing before Commissioner Williams, falsely identified himself as Tom Roe, and gave a false bar number to the commissioner. At that hearing, respondent requested to be relieved from representation of Claimant A. Commissioner Williams instructed respondent to submit a written motion and proposed order. On June 24, 2011, respondent submitted a Motion to be Relieved as Counsel for Claimant A to the Workers' Compensation Commission. Respondent signed the name "Tom Roe" to the motion.

## Matter III

On May 20,2011, and May 31, 2011, while he was suspended from the practice of law, respondent accepted two installment payments of $750.00 from a potential client for representation

in a criminal matter. At the time respondent accepted the payment, he did not tell his client that his license to practice law was suspended. Respondent represents he did not appear in court or draft any legal documents for the client while he was suspended.

Respondent refunded most of the payment to the client immediately after being placed on interim suspension on July 14, 2011. *In the Matter of Boyd, supra.* Respondent still owes the client $40.00.

## Matter IV

Mary Doe owned property in Beaufort County. The property was sold by the Beaufort County Tax Collector's Office. Complainant B subsequently purchased the property for $60,000.00 and recorded a quitclaim deed.

Complainant B retained respondent to bring a quiet title action for the property. Respondent was paid $750.00 for the representation.

Complainant B repeatedly asked respondent for updates on his case and received assurances from respondent that the quiet title case had been commenced and would be completed soon. At the time respondent made the representations, no action had been filed.

In May 2011, while suspended from the practice of law, respondent traveled to Florence and delivered Complainant B a copy of an "Order Clearing Title." The order purported to be an order from a Special Referee who respondent represented to be William Boyce. Respondent prepared the "Order Clearing Title" and forged the name of an alleged special referee.

Complainant B retrieved the following documents from the file of the Beaufort County Clerk of Court: 1) Complaint dated July 5, 2011, and filed July 28, 2011; 2) Acceptance of Service dated July 26, 2011, and filed July 29, 2011; and 3) Answer by Mary Doe dated July 28, 2011, and filed July 29, 2011. The documents were filed by respondent while on interim suspension.

Mary Doe died in 2002. Respondent forged the Acceptance of Service and Answer and filed the forged documents with the Beaufort County Clerk of Court.

*Matter V*

Respondent was retained to represent a client in a criminal matter. Respondent quoted the client a fee of $2,000.00. On August 9, 2010, the Court suspended respondent from the practice of law for six months. *In the Matter of Boyd, supra.* Respondent failed to refund the unearned fees to the client.

## Law

■ Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall reasonably consult with client about the means by which the client's objectives are to be accomplished and keep client reasonably informed about the status of matter); Rule 1.16 (upon termination of representation, lawyer shall take steps to extent reasonably practicable to protect client's interests, such as refunding any advance payment of fee that has not been earned); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client); Rule 3.3 (lawyer shall not knowingly make false statement of fact to tribunal); Rule 3.4 (lawyer shall not falsify evidence); Rule 4.1 (in the course of representing client, lawyer shall not knowingly make false statement of material fact to third person); Rule 5.5 (lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction); Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct); Rule 8.4(b) (it is professional misconduct for lawyer to commit criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall constitute ground for discipline for lawyer

to violate Rules of Professional Conduct); Rule 7(a)(3) (it shall constitute ground for discipline for lawyer to willfully violate a valid order of the Supreme Court); Rule 7(a)(5) (it shall constitute ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(6) (it shall constitute ground for discipline for lawyer to violate the oath of office taken to practice law in this state and contained in Rule 402(k), SCACR).

### *Conclusion*

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state, retroactive to the date of his interim suspension, July 14, 2011. Within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission. Respondent shall not file a Petition for Reinstatement until he has completed the Legal Ethics and Practice Program Ethics School. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.