748 S.E.2d 777

### In the Matter of William Ashley BOYD, Respondent.

### Appellate Case No. 2013–000884.

Supreme Court of South Carolina.

Sept. 12, 2013.

### ORDER

On August 9, 2010, the Court definitely suspended respondent from the practice of law for six (6) months. *In the Matter of Boyd,* 388 S.C. 516, 697 S.E.2d 603 (2010). He was reinstated on June 14, 2011. *In the Matter of Boyd,* 393 S.C. 159, 711 S.E.2d 898 (2011). The Court placed respondent on interim suspension on July 14, 2011. *In the Matter of Boyd,* 393 S.C. 367, 713 S.E.2d 296 (2011). On August 29, 2012, the Court disbarred respondent from the practice of law, retroactive to July 14, 2011. *In the Matter of Boyd,* 399 S.C. 356, 731 S.E.2d 876 (2012).

---

Pursuant to Rule 5(b)(6), RLDE, Rule 413, SCACR, the Office of Disciplinary Counsel (ODC) filed a Petition to Issue Rule to Show Cause alleging respondent engaged in the unauthorized practice of law on numerous occasions while either suspended or disbarred in violation of the Court's orders. ODC petitioned the Court to issue a rule to show cause to require respondent to appear and show cause why he should not be held in civil and criminal contempt and enjoined, sanctioned, fined, incarcerated, or otherwise punished for his misconduct. The Court granted the Petition to Issue Rule to Show Cause and set this matter for hearing on July 24, 2013. At respondent's request, the matter was rescheduled to August 21, 2013. *See* Order dated July 23, 2013.

Respondent admits he willfully violated the Court's suspension and disbarment orders by continuing to represent clients he had represented prior to his suspension and/or disbarment and by representing a new client after he was disbarred. Respondent does not dispute any of the facts set forth in the Petition to Issue Rule to Show Cause.

By order dated August 21, 2013, the Court found respondent in criminal contempt of Court and sentenced him to six (6) months imprisonment. The order provided a formal order addressing the finding of contempt and further sanctions would follow.

Accordingly, we order respondent to enter into a repayment agreement with ODC no later than thirty (30) days from the date of his release from prison. In the repayment agreement, respondent shall agree:

1.  to pay restitution to all parties harmed by his violation of the suspension and disbarment orders;

2.  to pay $719.36 in costs incurred by ODC in investigating and prosecuting this contempt proceeding;

3.  to pay the costs incurred by ODC and the Commission on Lawyer Conduct for the investigation and prosecution of the disciplinary matter resulting in respondent's disbarment; [1] and

---

1.  The disbarment order required respondent to pay the costs within thirty (30) days of the date of the order. Respondent did not comply with this order.

4.  to pay the remaining costs as ordered by the Court on January 27, 2012.

Violation of this order may subject respondent to a further finding of contempt of this Court. Under no circumstances shall respondent petition the Court for reinstatement or any other relief until he has fully complied with the terms of this order and the repayment agreement.

/s/Costa M. Pleicones, A.C.J.

/s/Donald W. Beatty, J.

/s/John W. Kittredge, J.

/s/Kaye G. Hearn, J.

TOAL, C.J., not participating.